UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Watkins Incorporated, | Case No. 18-cv-504-DWF-KMM |
| Plaintiff, | |
| v. | **RULE 26(f) REPORT** |
| Le Vecke Corporation, et al. | |
| Defendants. | |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on July 30, 2018, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for August 21, 2018, before the United States Magistrate Judge Kate Menendez in Courtroom 8E of the U.S. Courthouse in Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with its amendments.

**DESCRIPTION OF THE CASE**

1. Concise factual summary of plaintiff's claims:

Plaintiff, Watkins Incorporated, brings against Defendants Le Vecke Corporation and Retail Services & Systems Inc., five causes of action including Federal and common law trademark infringement, Federal and Minnesota based unfair competition, and cancellation of Defendants' WATKINS SELECT trademark registration. Plaintiff has been using its Watkins brand in association with extracts since 1894. Over the years, Plaintiff has developed significant goodwill in its Watkins brand, as well as with the distinct old-fashioned trade dress associated with the Watkins brand, in association with a wide variety of household products, including extracts and tonics. Accordingly, Plaintiff applied for and secured U.S. Registration No. 1,203,799 for the mark WATKINS in association with "Spices, food flavorings (not essential oils), seasonings, extracts for flavoring foods, pudding dessert mixes" in class 30. Plaintiff's WATKINS registration is incontestable, and serves as conclusive evidence of the validity of the registration and Plaintiff's ownership of the same. Plaintiff's Watkins brands has, through its use and registration of the mark WATKINS in association with a wide variety of consumer goods,

1

become a well-recognized mark and trade dress and consumers readily associate the WATKINS Mark and Watkins trade dress with Plaintiff.

Defendants use, and have registered, the mark WATKINS SELECT in association with distilled spirits. *See* U.S. Registration No. 4,663,262. Defendants' use of the WATKINS SELECT Mark incorporates an old-fashioned style and is associated with goods, namely distilled spirits, which are highly related to Plaintiff's extracts as both distilled spirits and extracts are commonly mixed together to create craft beverages and cocktails. In view of the common use of the term "Watkins", the similar styles in which the respective marks are displayed, and the related nature of the goods, confusion amongst consumers as to the source or origin of the goods is likely. In view of this likely confusion, Plaintiff seeks to enjoin Defendants from use of the WATKINS SELECT Mark, to cancel U.S. Registration No. 4,663,262, and to recover damages and attorney's fees and costs that Plaintiff has incurred as a result of Defendant's infringing acts.

2.  Concise factual summary of defendant's claims/defenses:

Defendant the LeVecke Corporation is the owner and registrant of U.S. Trademark Registration No. 4,663,262 for WATKINS SELECT in Class 033 for Distilled Spirits. LeVecke's trademark registration is valid, subsisting and subject to a presumption of ownership and validity under 15 U.S.C. § 1115(a). Defendants deny plaintiff's claim of infringement based on a likelihood of confusion and any damages. Defendants assert that they have prior use of any WATKINS trademark in relation to the accused goods. Defendants assert that plaintiff abandoned use of any WATKINS trademark for the subject goods. Defendants further assert that plaintiff's claims are barred by estoppel, waiver and the doctrine of laches as plaintiff had actual and constructive notice of defendant's use for several years and did not take any action in a reasonable time. Defendants seek to dismiss all of plaintiff's claims and recover defendants' attorneys' fees pursuant to 15 U.S.C. § 1117(a).

3.  Statement of jurisdiction (including statutory citations):

Plaintiff purports to file its Complaint under the Federal Trademark Act of 1946 ("the Lanham Act"), as amended, 15 U.S.C. §§ 1051 - 1127, and Minnesota state law. Venue is proper and the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, as well as 15 U.S.C. § 1121 and Minnesota's long arm statute Minn. Stat. § 543.19(1) – (3).

4. Summary of factual stipulations or agreements:

The Parties have agreed to service by e-mail.

5. Statement of whether a jury trail has been timely demanded by any party:

Plaintiff' complaint demanded a jury trial. Defendants timely demanded a jury trial in their Joint Answer filed July 22, 2018 (Dkt. 22).

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The Parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

7. Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

To date, all defendants have been served with the complaint and appeared in the action. The Parties agree to a deadline to amend pleadings by September 30, 2018.

**FACT DISCOVERY**

Having conferred about the unique needs of this case, and mindful of the goal of efficiency, the parties recommend that the Court establish the following fact-discovery deadlines and limitation:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **August 31, 2018**. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before **October 15, 2018**.
2. The parties must commence fact discovery in time to be completed by **February 28, 2019**. The parties will discuss whether a date for the substantial production of

documents should be set within the fact discovery period to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit each side's use and numbers of discovery procedure as follows:

    a. 25 interrogatories; and
    b. Unlimited document requests.

The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

    c. Unlimited requests for admission.

The parties have discussed a protocol for the authentication of documents and agree on the following:

    d. 10 factual depositions.
    e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

The Parties agree to one 30(b)(6) deposition per party.

**EXPERT DISCOVERY**

1. The parties anticipate that they will require expert witnesses at the time of trial.
    a. The plaintiff anticipates calling two to three experts in the fields of: survey expertise, industry expertise and damages.
    b. The defendant anticipates calling two experts in the field of: survey expertise and damages expertise.
2. The parties propose that the Court establish the following plan for expert discovery:
    a. Initial experts

i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **March 14, 2019**.

ii. The initial expert witness report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **March 14, 2019**.

b. Rebuttal experts

i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **April 26, 2019**.

ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **April 26, 2019**.

c. All expert discovery, including expert depositions, must be completed by **June 14, 2019**.

**OTHER DISCOVERY ISSUES**

1. Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a proposed protective order.

2. Discovery of Electronically Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The Parties agree to initially produce searchable PDF documents.  Natives will be produced subject to a reasonable request.  The Parties will produce electronic documents via either a cloud drive or file transfer protocol.  The Parties further agree to a claw back provision, as set forth and detailed in the proposed protective order.

The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

The parties will further meet and confer by **October 15, 2018** to discuss their plan or formal protocol for electronic discovery. They agree to present any dispute regarding an electronic discovery plan and protocol to the Court by **January 7, 2019**.

3. Claims of Privileges or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

Will include their agreement in the proposed Protective Order.

4. The parties:

Agree that a party should be required to request an informal conference with the Court before the filing of any discovery motion.

Before moving for an order relating to discovery, the movant must request a conference with the Court by calling Kathy Thobe, Courtroom Deputy/Judicial Assistant to Magistrate Judge Menendez, at 612-664-5140.

**PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by **September 30, 2018**.
2. Motions seeking to amend the pleadings must be filed and served by **September 30, 2018**.
3. Non-dispositive motions:
    a. All non-dispositive motions relating to fact discovery must be filed and served by **March 15, 2019**.
    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **July 12, 2019**.

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must be filed, served, and heard by **August 30, 2019**.

**TRIAL-READY DATE**

1. The parties agree that the case will be ready for trial on or after **October 1, 2019**.
2. The anticipated length of the **jury** trial is 4 **days**
3. The parties propose that the final pretrial conference be held on or before **September 17, 2019**.

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

There are no insurance carriers/indemnitors.

**SETTLEMENT**

The parties discussed settlement **before and at** the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Menendez's Notice of Pretrial Conference.

**TRIAL BY MAGISTRATE JUDGE**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Date: August 16, 2018

/s/ Scott W. Johnston

Scott W. Johnston (MN 0247558)
MERCHANT & GOULD P.C.
3200 IDS Center
80 S. Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone: (612) 332-5300
Facsimile: (612) 332-9081
Email: sjohnston@merchantgould.com

Date: August 16, 2018                               /s/ Ben. T. Lila

Ben T. Lila (CA SBN 246808)
Mandour & Associates, APC
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Facsimile: (858) 487-9390